1        UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
2

3    _____

4    UNITED STATES OF AMERICA,

5                    Plaintiff,          Criminal Action
                                         No. 22-cr-10026-RWZ
     v.
6                                        Date:  March 23, 2022

7    DAVID FORTE,
     GREGORY MANNING,                    Pages 1 to 21
     JOHN YOUNIS,
8                    Defendants.

9    _____

10

11

12

13        TRANSCRIPT OF CHANGE OF PLEA HEARING
                  FOR JOHN YOUNIS
14     BEFORE THE HONORABLE RYA W. ZOBEL
             UNITED STATES DISTRICT COURT
15        JOHN J. MOAKLEY U.S. COURTHOUSE
                  ONE COURTHOUSE WAY
16        BOSTON, MASSACHUSETTS   02210

17

18

19

20

21

22          JOAN M. DALY, RMR, CRR
              Official Court Reporter
23       John J. Moakley U.S. Courthouse
          One Courthouse Way, Room 5507
24        Boston, Massachusetts   02210
              joanmdaly62@gmail.com

25

1    **APPEARANCES:**

2

3    **FOR THE GOVERNMENT:**

     David M. Holcomb
4    United States Attorney's Office MA
     1 Courthouse Way
5    Suite 9200
     Boston, MA 02210
6    (617) 756-9043
     Email: David.Holcomb@usdoj.gov

7

8    **FOR THE DEFENDANT YOUNIS:**

9    Jennifer L. Chunias
     Goodwin Procter, LLP
10   100 Northern Avenue
     Boston, MA 02210
11   617-570-8239
     Fax: 617-523-1231
12   Email: Jchunias@goodwinprocter.com

13   Roberto M. Braceras
     Goodwin Procter, LLP
14   100 Northern Avenue
     Boston, MA 02210
15   617-570-1895
     Fax: 617-523-1231
16   Email: Rbraceras@goodwinprocter.com

17

18

19

20

21

22

23

24

25

<u>P R O C E E D I N G S</u>

1

2           (The following proceedings were held in open

3    court before the Honorable Rya W. Zobel, United States

4    District Judge, United States District Court, District of

5    Massachusetts, at the John J. Moakley United States

6    Courthouse, 1 Courthouse Way, Boston, Massachusetts, on

7    March 23, 2022.

8           The defendant, John Younis, is present with

9    counsel.  The Assistant U.S. Attorney is present.)

10          THE CLERK:  This is the United States v. John

11   Younis.  It's criminal 22-10026.  Can I ask counsel please

12   identify themselves for the record.

13          MR. HOLCOMB:  Good afternoon, Your Honor.  David

14   Holcomb for the United States.

15          THE COURT:  I'm sorry?

16          MR. HOLCOMB:  David Holcomb for the United States.

17          THE COURT:  And for the defendant?

18          MR. BRACERAS:  Good afternoon, Your Honor.  Roberto

19   Braceras on behalf of John Younis.

20          THE COURT:  I didn't recognize you with your beard.

21          MR. BRACERAS:  It's been a while, Your Honor.  It's

22   a pandemic beard.

23          MS. CHUNIAS:  Good afternoon, Your Honor.  Jennifer

24   Chunias.

25          THE COURT:  All right.  I understand the defendant

1    is here for a change of plea.

2              MR. BRACERAS:  Yes, Your Honor.

3              THE COURT:  I have to move so I can see you.  All

4    right.  The defendant is offering to plea to both counts?

5              MR. BRACERAS:  Yes, Your Honor.

6              THE COURT:  I should explain to you, let's see,

7    it's Mr. Younis who is offering to plea?

8              MR. BRACERAS:  Yes.

9    BY THE COURT:

10   Q.  I need to explain some things to you about the trial and

11   rights that you have having been accused of a crime, and that

12   you're giving up by pleading guilty.

13              Do you understand?

14   A.  Yes, Your Honor.

15   Q.  Before I do that I will also need to ask you some

16   questions about this.  And before I get there -- it's okay.

17    The Clerk will swear you and ask you to tell us whether you

18   plead guilty or not.  After that I will get to the questions

19   and the explanations to the extent I can do that.

20              Do you want the indictment?

21              THE CLERK:  Mr. Younis, for these two counts of

22   this indictment charge you with Count 1, 18 U.S.C. 1349

23   Conspiracy to Commit Securities Fraud, and Count 2, 15 U.S.C.

24   78(b) & 78 ff(a); 17 C.F.R. 240.10b-5; 18:2, Securities

25   Fraud; Aiding and Abetting.

1          Sir, how do you plead to these two counts, guilty

2     or not guilty?

3               THE DEFENDANT:  Guilty.

4               THE CLERK:  Thank ou.  Can I ask you, sir, to

5     please raise your right hand.

6               (John Younis, duly sworn by the Deputy Clerk.)

7               THE CLERK:  You can be seated, sir.  Thank you.

8     EXAMINATION BY THE COURT:

9     Q.   Mr. Younis, your full name is John Younis.

10    A.   Yes.  John David Younis.

11    Q.   Where were you born?

12    A.   Boston.

13    Q.   In Boston?

14    A.   Yes.

15    Q.   Can you pull the microphone towards you.

16    A.   In Boston.

17    Q.   Much better.  So I can fairly assume that you are a

18    citizen of the United States?

19    A.   Yes.

20    Q.   And you do speak English?

21    A.   Yes.

22    Q.   The status of the case at the moment is that you have

23    been accused of an offense and you have offered to plead

24    guilty to it.  What I will need to do is to explain to you

25    what rights you have after the government accuses you and

1    then make sure that you understand that; that you understand

2    what the offense is that the government has accused of you;

3    and that I can accept your plea; also that you understand the

4    length the maximum sentence that can be imposed.

5              So we will start with when the government accuses

6    of you a crime, which it has done by means of this

7    indictment, which charges you with offenses in two different

8    counts, two different offenses in two different counts,

9    although essentially the same conduct.  Then you have a right

10   to trial.  And the government has to prove at that trial that

11   you are guilty beyond a reasonable doubt.

12             So one of the things that you give up when you

13   plead guilty is the right to a trial.  In fact, you give up

14   the whole trial.  And there are a number of additional

15   consequences to that, which we will come in just a moment.

16             So what I need to talk about to you is, number one,

17   what the charges are against you, what the maximum penalty

18   is, and then the rights that come into play in conjunction

19   with the trial that you are giving up.  The offense that was

20   charged in this indictment -- I have too many papers.

21             The offense is as I said in two counts.  Let me

22   start by explaining to you Count 2.  Count 2 accuses you of

23   having committed securities fraud.  What the government would

24   have to prove in order to prove you guilty of that count is,

25   number one, that you and co-defendants, there are two other

1    people who have been accused in this, and there may have been
2    others around as well, at some point developed and used a
3    plan to purchase the stock of a company that was about to be
4    bought by another company and which one of the other people
5    who had been accused here had a fairly high position that
6    they knew about, but at that point it was still secret.  But
7    they let you know and somebody else know for sure.  at least
8    that's what the accusation says.  At the same time it was
9    withholding from the public any knowledge of this because any
10   knowledge of this company which is Analog stock or something
11   like that was keeping very quiet because if it was known that
12   it was planning to buy another company, which is called
13   Linear Technology, that the price of Linear Technology would
14   change, probably go up.

15          And what the essential charge is that you and the
16   other two took advantage of the knowledge, which was secret
17   knowledge, or not broadly known knowledge, and in the process
18   were able to buy the stock of Linear Technology Company
19   before this transaction was to take place by the Analog
20   Company.

21          And then you were able to sell the stock at a
22   considerably higher price than that which you paid for it.
23   That use of the secret information is the essence of what the
24   government has said is the fraud in Count 2.  Because what
25   the government has to prove with respect to that is that you

1    and your colleagues did develop and use a plan to purchase

2    the Linear Technology stock with the knowledge that one of

3    the three of you had from working at Analog.  That's number

4    one.

5              And that it was secret knowledge is the second

6    element that they have to prove.  And the government also has

7    to show that when you pursued the purchase of the stock of

8    the Linear company, that you did, in fact, do so based on

9    what you had learned of the secret of Analog.  And that is

10   deemed to be fraud under the statute under which the

11   government has charged you.

12             So the government has to prove that you and the

13   others developed this scheme to buy the stock based on

14   knowledge that one of you had, and that the knowledge was

15   secret; that you made false statements in the course of doing

16   that; and that you did not give knowledge; let them know that

17   you had knowledge and other people did not; and you should

18   not have had that knowledge; and that your conduct operated

19   as fraud on Linear, which the whole thing kind of got

20   bolloxed up, I guess; and that you did what you did knowingly

21   and willfully.  You understood what you were doing, and you

22   did it for the purpose of gaining money that you really

23   weren't entitled to.  That's what the government has to prove

24   on Count 2 which is the plain fraud count.

25             Count 1 is a conspiracy count.  And it says that

1   you and the other two conspired to commit this fraud, the

2   same fraud.  And so what the government has to prove here in

3   essence is that you got together with one or two other

4   people; that you made a private agreement, either directly

5   you spelled it out or by the way you acted together to commit

6   this fraud that I just described with respect to Count 2.

7           So conspiracy simply adds that the government also

8   has to prove that there was an agreement between you and the

9   other two defendants or one of them or anybody else, but in

10  this case it's charged two people, named -- what I have does

11  not have all the names on it.  But in any event, there were

12  two other people who were friends of yours and with who you

13  had made arrangements like this in the past, not illegal

14  ones, but that you had worked with them.

15          So that's the additional one.  That two or more

16  people got together to commit an unlawful act knowing that

17  they were doing that.  So that's Count 1.  So these are the

18  elements that the government has to prove.  Do you understand

19  that?

20  A.   Yes, Your Honor.

21  Q.   Now, the maximum penalty that the statute prescribes for

22  this offense is, with respect to Count 1, the conspiracy

23  count, a sentence of imprisonment of 25 years maximum, a

24  period of supervised release of five years, up to five years

25  again, a fine of $250,000 or twice the gross gain or loss,

1    which I think would be less than that.  And the mandatory

2    special assessment of $100 as well as forfeiture to the

3    extent charged in the indictment.  And I don't think the

4    indictment charged any forfeiture in this case, did it?

5             MR. HOLCOMB:  Your Honor, the indictment does

6    include a forfeiture allegation.

7             THE COURT:  The proceeds?

8             MR. HOLCOMB:  Yes, it does.

9             THE COURT:  Okay.  So that's also included.  With

10   respect to Count 2, the plain fraud count as opposed to

11   conspiracy to commit fraud, the maximum penalty is 20 years,

12   supervised release of three years, and a fine of $5 million,

13   mandatory special assessment also of $100, and forfeiture

14   again to the extent charged in the indictment.

15            So when there are two counts, the penalties get

16   added up for the maximum.  So the two of them together have a

17   maximum prison sentence of 45 years, a total maximum fine of

18   $5,250,000, plus any gain -- or twice the gain or loss, which

19   according to the papers I have is less than that.  And a

20   mandatory special assessment of this as well of $100 which

21   makes two for two counts.  And forfeiture.  But forfeiture

22   only once.

23            The amount that you gained that you shouldn't have

24   gained, is once, not twice, even though they are two

25   different charges.  I think that's it.  So that's the maximum

1   penalty.  Although I can assure you we rarely get there.

2            Now, when the government accuses you of a crime,

3   you have an absolute right to go to trial.  And the point of

4   the trial is for the government to show a jury what evidence

5   it has against you to prove that you did, in fact, commit

6   this offense and to prove that beyond a reasonable doubt.  So

7   it's the government's burden at any trial to prove you

8   guilty.

9            You have absolutely no obligation to offer any

10  evidence, to respond in any way, other than sitting there

11  quietly.  And the government has the burden.  It has the only

12  burden that there is in a criminal case.

13           However, if you decide that you wish to respond to

14  the government's evidence and to its charges, you have an

15  absolute right to do that.  First, you have a right to have a

16  lawyer to assist you in this project.  If you can't afford to

17  hire a lawyer, then the Court will appoint counsel for you.

18  You have a right, even if you don't put any evidence of your

19  own before the jury, you have a right to respond to what the

20  government offers.

21           So the way that would work is the government would

22  call a witness.  It would examine the witness, and your

23  counsel would have an opportunity and the right on your

24  behalf to cross-examine the witness, to try to test the

25  witness' memory, the witness' truthfulness, the witness'

1  ability to interpret the events in some way that he or she

2  may be asked about.  Then after you have done that through

3  your counsel, the government can continue with that witness

4  for a second time to try to clean up whatever you may have

5  muddied for the government.

6       And then you'll have a second opportunity as well.

7  And that obtains with respect to every witness that the

8  government may call.  You have no obligation to offer any

9  evidence at a trial.  You certainly have a right to test the

10 government's witnesses and the government's evidence.  And

11 when the government has finished offering its evidence the

12 way I just described, then you have an opportunity to offer

13 yours if you choose to.

14      But since the government is the one that has the

15 burden of proof, you have no obligation to offer any

16 evidence.  You have no obligation to take the stand and

17 explain yourself because you can say to the jury, look, the

18 government has accused me, and they have to prove that I'm

19 guilty.  I have nothing to say about that.

20      On the other hand, you may take the stand and you

21 may testify to explain and that you choose to offer for the

22 jury's consideration.  And once that is done, once the

23 government has offered its case, you have responded either by

24 only by cross-examination and maybe objections to what the

25 government wants to put in.  You don't have to offer any

1    other evidence.  But if you do, when that is finished, then

2    the next step in the proceedings is for me to meet with

3    counsel and you to determine what I will tell the jury about

4    the law and the instructions that I will ultimately have to

5    give to them.  And then the government has an opportunity to

6    argue to the jury the evidence that has been presented and

7    try to persuade the jury that they should find you guilty.

8           And they have to do that only, they can do that

9    only if they find that the government has proven you guilty

10   beyond a reasonable doubt, which will also be explained to

11   them.  And when the government finishes that argument to the

12   jury, you have a right to offer through your counsel your

13   argument how the government has failed in this respect.

14          Then eventually I will charge the jury on the law

15   as I see it, which, as I said, I will already have rehearsed

16   with your counsel and government counsel.  And then the case

17   will be in the jury's hands.  And what they will be

18   instructed is that they can convict you only if they're

19   convinced beyond a reasonable doubt, which is a very heavy

20   burden on the government, that you are guilty on each count,

21   and they have to look at the evidence as to each count

22   separately and treat each one of them as a separate offense.

23          So that's how the trial would go and of course you

24   would have throughout the trial available to assist you your

25   counsel.  And then if the jury comes back with a verdict of

1   not guilty, that's the end of the case or at least of any

2   count as to that.  If they come back with a guilty verdict,

3   then the case continues ultimately to sentencing.  But all of

4   these proceedings in court are to a very large extent

5   designed to protect your rights, to make sure that we

6   understand what the government is alleging you did, and that

7   it is all done in a manner that protects your rights as much

8   as possible.

9             Do you understand that?

10  A.   Yes, Your Honor.

11  Q.   Have you talked with your counsel and discussed with your

12  counsel your decision to offer this plea of guilty?

13  A.   Yes, Your Honor.

14  Q.   And are you satisfied with the advice that he has given

15  you?

16  A.   Yes, Your Honor.

17  Q.   And you understand that you have no obligation whatsoever

18  to give any testimony in the trial?  You certainly have a

19  right to object to testimony.  You have a right to tell your

20  side of the story, but you have no obligation to do either.

21  A.   Yes, Your Honor.

22  Q.   Okay.  Did I ask you whether anybody put any pressure on

23  you to offer this plea?

24  A.   No one put pressure on me, Your Honor.

25  Q.   Okay.  I will now ask the government to tell us what the

1    evidence is that they would offer if we were to go to trial.

2    And I think counsel has given us a summary of that already.

3    You have a copy of that, do you not?

4                    MR. BRACERAS:  Yes, Your Honor.

5                    THE COURT:  So listen carefully because my last

6    question to you is what, if anything, you have to do with

7    these two counts.

8                    MR. HOLCOMB:  Thank you, Your Honor.  The

9    defendant, John Younis of Bristol, Rhode Island, was lifelong

10   friends with co-defendant David Forte and Gregory Manning.

11   David Forte's close relative was a senior executive at Analog

12   Devices, a publicly-traded company based in Massachusetts

13   that designed and manufactured semiconductor products.

14                   David Forte and his close relative had a

15   relationship of trust and confidence and the close relative

16   owed fiduciary duties and duties of trust and confidence to

17   his employer Analog.  On or about June 22, 2016, Analog

18   submitted a proposal to acquire Linear technology, a

19   publicly-traded company based in California that designed and

20   manufactured Analog integrated circuits.

21                   At or around this time, David Forte's close

22   relative began receiving nonpublic and confidential

23   information about the proposed acquisition in connection with

24   his role at Analog.  Between this time and the public

25   announcement of the acquisition on July 26, 2016, David Forte

spoke with his close relative and obtained from his relative
material, nonpublic information about Analog's plans to
acquire Linear.  After obtaining this information, David
Forte shared the information with this defendant, John
Younis, and with Gregory Manning.

After speaking with David Forte, John Younis
deposited $60,000 into his brokerage account on or about
July 18, 2016.  Following several additional conversations
with David Forte, John Younis called his brokerage firm on or
about July 21, 2016, and purchased Linear call options.
After speaking with David Forte again the following day,
July 22, 2016, John Younis purchased shares of Linear stock.

Additionally, around this time John Younis spoke
with a business associate who subsequently purchased Linear
stock.  Analog's acquisition of Linear was publicly reported
four days later on July 26, 2016.  Linear's share price rose
from approximately $49 per share to over $64 per share before
NASDAQ halted trading in Linear shares.  John Younis
attempted to sell his Linear call options that same day, but
the trades did not execute due to the trading halt.

The following morning, July 27, 2016, John Younis
spoke with David Forte and then sold his holdings of Linear
call options and shares for a profit of nearly $52,000, a
return of approximately 89 percent over the course of less
than one week.

1    Your Honor, thank you.  That's the evidence that

2  the government would present at trial.

3  BY THE COURT:

4  Q.  Mr. Younis, can you please tell me what, if anything, you

5  learned from Mr. Forte concerning the sale of -- the purchase

6  by Analog of the other company, well, what you knew about

7  that, and whether you knew that it was still a secret.

8  A.  Your Honor, I'm sorry.  I traded on confidential

9  information.  And I was wrong and I'm sorry.

10  Q.  You knew it was confidential information?

11  A.  Yes, Your Honor.

12  Q.  And what did that mean in terms of whether you could buy

13  the stock at that point or not?  Did you understand that?

14  Did you understand that having gained confidential

15  information that you were not really in a position legally to

16  purchase the stock at that point?

17  A.  I knew it was wrong, Your Honor.  I'm sorry.

18  Q.  And do you acknowledge that it was a violation of the

19  various laws having to do with a purchase like this, not

20  adhering to the confidentiality was a problem, indeed a

21  crime?

22  A.  Yes, Your Honor.  And sorry.

23  Q.  And with respect to the conspiracy count, Count 1, did

24  you work with the other two participants in this, Mr. Forte

25  and Mr. Manning, in carrying out these separate but

1    associated purchases?

2    A.   I never spoke with Greg Manning.

3    Q.   You understood with them that they were all going to do

4    this as well?

5    A.   I just spoke with Dave Forte.

6    Q.   I'm sorry.

7    A.   I just spoke with Dave Forte.

8    Q.   With Forte you agreed that you would buy the stock and

9    make a profit?

10   A.   Yes, Your Honor.

11   Q.   Did you know that it was against the law to do that at

12   the time?

13   A.   Excuse me?  Can you repeat that?

14   Q.   At the time you did this, did you know that it was

15   against the law to so use secret information?

16   A.   I understand, Your Honor.  Yes.  I'm sorry.

17          THE COURT:  I find that the defendant understands

18   the nature of the charges as well as the maximum penalty.  I

19   further find that there is a basis for the plea and will

20   accept it to Counts 1 and 2.

21          THE CLERK:  Looking for sentencing, what about

22   June 29 at 2?

23          THE COURT:  What's the date, Lisa?

24          THE CLERK:  I was looking, if it's okay with

25   counsel, June 29 at 2.  Is that good?

1          MR. BRACERAS:  That's fine with me.

2          THE CLERK:  Is that okay?

3          MR. HOLCOMB:  That works.  Thank you.

4          THE CLERK:  Obviously if there are any problems,

5     let me know.  So 6/29 at 2.

6          THE COURT:  The next thing that will happen,

7     Mr. Younis, is I hope counsel will take you to probation.

8     Might as well do it now since you're here.  One of the

9     probation officers will prepare a presentence report.  They

10    will rely on you for much of the information that goes into

11    that.  They will supply, they will give you a copy before

12    they give it to anybody else and ask you if it's correct.

13    And if it's not correct, please tell them so that they can

14    make the corrections.

15          And then it will go to counsel, government counsel

16    as well as to me.  And it has much to do with what the

17    sentence will ultimately be.  So it should be correct and as

18    full as possible, as complete as possible.  Is there anything

19    else that we need to do?

20          MR. HOLCOMB:  No.  Thank you, Your Honor.

21          THE COURT:  What about bail?  Is there a release

22    order now?

23          MR. HOLCOMB:  He's currently on release.

24          THE COURT:  The same release conditions will be

25    continued.

```
 1              MR. HOLCOMB:  Thank you.

 2              THE COURT:  Okay.  Thank you.

 3              MR. BRACERAS:  Your Honor, just one last thing.

 4    You'll be getting my notice of withdrawal from the case this

 5    afternoon or tomorrow.

 6              THE COURT:  I'm sorry?

 7              MR. BRACERAS:  You'll be getting my notice of

 8    withdrawal this afternoon or tomorrow.  After 24 years with

 9    Goodwin and Procter, I am actually leaving the firm.  I

10    wanted to thank you for your indulgence over the years.  If

11    you remember Jonathan Chiel, Jonathan recruited me to join

12    Fidelity as his deputy general counsel.  This is my last

13    court appearance in almost 30 years.

14              THE COURT:  Well, thank you.

15              MR. BRACERAS:  So thank you for bearing with me

16    over the years.

17              THE COURT:  Okay.  Thank you all.

18              (Court recessed at 2:37 p.m.)

19

20

21

22

23

24

25
```

1       - - - - - - - - - - -

2                    CERTIFICATION

3

4          I certify that the foregoing is a correct

5     transcript of the record of proceedings in the above-entitled

6     matter to the best of my skill and ability.

7

8

9

10    /s/ Joan M. Daly                    November 4, 2022

11

12    _____              _____

13    Joan M. Daly, RMR, CRR              Date
      Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25